IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| Tekoa Tobias Glover, a/k/a Toby Glover, | ) | |
|---|---|---|
| | ) | C/A No. 9:19-1770-MBS-BM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Josey Brewer, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Tekoa Tobias Glover is a federal pretrial detainee currently housed at the Spartanburg Detention Center (SCDC) in Spartanburg, South Carolina. Plaintiff, proceeding pro se and in forma pauperis, filed this action on June 21, 2019, alleging that his constitutional rights have been violated because, among other things, a "postcard only rule" infringes on his right to free speech and privacy; he has been denied access to a law library or other legal materials; and he has no means to complain to SCDC officials and others about conditions of confinement. Thus, Plaintiff asserts that his rights under the First, Fourth, Sixth, and Fourteenth Amendments are being violated. See 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

On July 24, 2019, Plaintiff filed a motion for class certification. See Fed. R. Civ. P. 23. On July 29, 2019, Plaintiff filed a motion to join class purportedly signed by other detainees at SCDC who wished to join Plaintiff's action. On August 6, 2019, the Magistrate Judge issued a Report and Recommendation in which he noted that Plaintiff was not able to meet the requirement of Rule 23(a) that he be able to fairly and adequately protect the interests of the class by having representation by qualified and experienced counsel. The Magistrate Judge observed that Plaintiff, proceeding pro se,

cannot represent other detainees. The Magistrate Judge further determined that the allegations of Plaintiff's complaint are not wholly common to the other proposed members of the class. The Magistrate Judge found that members of the proposed class may have different statuses at SCDC (i.e., state detainees, state prisoners), and that many of Plaintiff's allegations are particularized claims regarding denial of access to the courts and other matters not applicable to the proposed class members.

The Magistrate Judge further found that Plaintiff did not address the additional requirements set forth in Rule 23(b). For all these reasons, the Magistrate Judge recommended that Plaintiff's motion for class certification and to join class be denied. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's motion for class certification (ECF No. 18) and motion to join class (ECF No. 20) are **denied**. The cause is recommitted to the

Magistrate Judge for further pretrial handling.

    **IT IS SO ORDERED**.

                                  /s/ Margaret B. Seymour
                                  Senior United States District Judge

Columbia, South Carolina

September 17, 2019