IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tekoa Tobias Glover, a/k/a Toby Glover, | ) |
| | ) C/A No. 9:19-1770-MBS-BM |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Josev Brewer, Assistant United States Attorney; Chuck Wright, Sheriff of Spartanburg County; Major Freeman, Spartanburg County Detention center; Captain C. Hayes, Lt. Freeman; T. Medueder; Director Bodiford; Deputy Director Hollister, Major Stowers; Lieutenant McCombs; Sergeant Norris, | ) ) ) **O R D E R** ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiff Tekoa Tobias Glover is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FCI-Williamsburg in Salters, South Carolina. At the time of the underlying complaint, Plaintiff was a federal pretrial detainee being held at Spartanburg County Detention Center (SCDC) or the Greenville County Detention Center (GCDC). Plaintiff, proceeding pro se and in forma pauperis, filed this action on June 21, 2019, alleging that his constitutional rights were violated during pretrial detention because, among other things, a "postcard only rule" infringed on his right to free speech and privacy; he had been denied access to a law library or other legal materials; and he had no means to complain to SCDC officials and others about conditions of confinement. Plaintiff also contended he was impermissibly punished by being placed in more restrictive custody without due process. In addition, Plaintiff contends that Defendant Josev Brewer was the supervisory person dictating Plaintiff's custody. Thus, Plaintiff asserts that his rights under the First, Fourth, Sixth, and Fourteenth Amendments were being violated. See 42 U.S.C. § 1983,

Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388, 397 (1971). Plaintiff requests declaratory and injunctive relief as well as damages.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. This matter is before the court on Report and Recommendation for partial summary dismissal filed by the Magistrate Judge on February 3, 2020. The Magistrate Judge observed that Plaintiff's claims for declaratory and injunctive relief should be dismissed as moot because Plaintiff no longer is confined at either SCDC or GCDC. As to Plaintiff's claims that he was denied access to a law library at SCDC and/or GCDC, the Magistrate Judge noted that Plaintiff was represented by counsel in his criminal case, such that Plaintiff's claims regarding law library access do not raise a cognizable § 1983 claim of lack of access to the courts. Finally, the Magistrate Judge determined that Defendant Brewer should be dismissed because (1) he is not subject to a Bivens claim in his official capacity; (2) he is entitled to absolute prosecutorial immunity; (3) he cannot be held liable for conduct of his subordinates under the theory of respondeat superior; and (4) Bivens has not been expanded to the First and Sixth Amendments, to the extent Plaintiff seeks to assert First or Sixth Amendment claims against Defendant Brewer. Based on these findings, the Magistrate Judge recommended that the court dismiss Plaintiff's claims for injunctive and/or declaratory relief; that Plaintiff's claims regarding the lack of law libraries be dismissed; and that Defendant Brewer should be dismissed as a Defendant. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole

or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's claims for injunctive and/or declaratory relief are dismissed as moot. Plaintiff's claims regarding access to a law library are summarily dismissed, Finally, Defendant Brewer is dismissed as a Defendant in this case. The cause is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 2, 2020